## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MALIBU MEDIA, LLC,** | \* | **CASE NO. 1:14-cv-0223-MJG** |
| **Plaintiff,** | \* | **Assigned to: Honorable Marvin J. Garbis** |
| | | **United States District Judge** |
| **v.** | \* | |
| **JOHN DOE subscriber assigned IP address 173.64.119.92,** | \* | |
| | \* | |
| **Defendant.** | \* | |
| | \* | |

| | | |
|---|---|---|
| **MALIBU MEDIA, LLC,** | \* | **CASE NO. 1:14-cv-0257-CCB** |
| **Plaintiff,** | \* | **Assigned to: Honorable Catherine C. Blake** |
| | | **United States District Judge** |
| **v.** | \* | |
| **JOHN DOE subscriber assigned IP address 71.200.143.209,** | \* | |
| | \* | |
| **Defendant.** | \* | |
| | \* | |

| | | |
|---|---|---|
| **MALIBU MEDIA, LLC,** | \* | **CASE NO. 1:14-cv-00263-RDB** |
| **Plaintiff,** | \* | **Assigned to: Honorable Richard D. Bennett** |
| | | **United States District Judge** |
| **v.** | \* | |
| **JOHN DOE subscriber assigned IP address 76.100.228.15,** | \* | |
| | \* | |
| **Defendant.** | \* | |
| | \* | |

## PLAINTIFF'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO STRIKE OR DISREGARD THE DECLARATION OF MORGAN E. PIETZ RE: IPP, GUARDALEY, AND THE "ORAL CONTINGENCY AGREEMENT" MALIBU MEDIA, LLC HAD WITH ITS KEY WITNESS

## I.     INTRODUCTION

Plaintiff respectfully requests this Court grant the subject Motion to Strike or Disregard the Declaration of Morgan E. Pietz.  Defense counsel admits that he has no personal knowledge of the large majority of information conveyed in his declaration.  The remainder of the declaration is based on hearsay documents that are inadmissible.  Movant asserts that the Court should be lenient because Movant did not take discovery on the relevant issues prior to filing his or her motions to intervene and bar testimony and that therefore he or she did not have the opportunity to develop factual support for the motions prior to filing them and must rely on the improper declaration and exhibits.  However, there is no reason why Movant was required to file the motions prior to discovery.  Had Movant waited, the motions would likely have not been filed since discovery would have revealed them to be baseless and unnecessary.  Because the declaration contains information asserted without personal knowledge, is hearsay, and contains rampant speculation, this Court should grant the subject Motion to Strike or Disregard the Declaration.

## II.     ARGUMENT

### A.  Plaintiff's Motion to Strike is Proper

Plaintiff's Motion to Strike is proper under the Federal Rules of Civil Procedure.  Movant argues that striking the declaration is improper, however, because it is not a pleading and "Malibu cites to an older line of cases, most of which involved summary judgment, where courts have stricken affidavits pursuant to Rule 12(f)."  Opposition, p. 3.  Movant's argument is erroneous.  In *Harris v. Leopold*, 2013 WL 1124972, at *7 (D. Md. 2013) – an opinion from last year decided _after_ the *Brooks* opinion on which Movant relies – this Court granted a 12(f) motion to strike portions of an affidavit filed "as an attachment to a reply to the defendants'

opposition to a motion to compel . . . ." *Id.*  In *McLaughlin v. Copeland*, 435 F. Supp. 513 (D. Md. 1977), this Court granted a motion to strike under 12(f) aimed at portions of an affidavit filed in support of a motion to dismiss for lack of *in personam* jurisdiction.  There the court held that although the affiant was an attorney "and undoubtedly familiar with the requirements of an affidavit . . . Without an affirmative showing that this information was within Liptz's personal knowledge and competence to testify, the motions to strike . . . will be granted."  *Id.* at 520 (*citing Transo Envelope Co. v. Murray Envelope Co.*, 227 F.Supp. 240, 242 (D.N.J.1964)).  The Court also struck parts of an affidavit constituting "hearsay, not within either McLaughlin's personal knowledge or competence to testify."  *Id.*  Finally, the Court struck a number of attachments to the affidavits on the same grounds.

Additionally, although the Court in *Brooks v. Midland Credit Mgmt., Inc.*, 2013 WL 1010455 (D. Md. 2013), on which Movant relies, denied the motion to strike under Rule 12(f), it specifically noted that the "Court does have inherent authority to strike other documents."  *Id.*, at *8 (*citing Iota Xi Chapter of Sigma Chi Fraternity v. Patterson*, 566 F.3d 138, 150 (4th Cir.2007); *Kelly v. FedEx Ground Package Sys., Inc., No.*, 2011 WL 1584764, at *3 (S.D.W.V. Apr. 26, 2011*); Jennings v. Univ. of N.C. at Chapel Hill*, 340 F.Supp.2d 666, 672 (M.D.N.C.2004)).  In light of the foregoing, Plaintiff's Motion to Strike is proper and should be granted.

### B. Plaintiff Should Not be Ordered to Respond to Movant's 270 Pages of Exhibits In Support of His or Her Motions

Ignoring that the Declaration and exhibits in support thereof are improper, Movant asserts that "the appropriate response to the Pietz Decl. and its accompanying exhibits is not to strike it all, but to order Malibu to respond in substantive fashion."  Opposition, p. 3.  *See also* Opposition, p. 4 (". . . Malibu should be ordered to explain."); p. 5 (". . . Malibu should be

ordered to explain itself."); p. 12 ("Malibu should be ordered to file counter declarations addressing each aspect of the Pietz Decl., or else face having those facts established as uncontroverted.")  Movant attempts to derogate the Motion by arguing "[r]ather than fairly address the factual assertions . . . Malibu has instead chosen to rely mainly on procedural and technical evidentiary objections" and "it raises a variety of procedural and technical objections that are wholly out of place in a pre-trial civil motion . . . ." *Id*, at pp. 4, 12.

Movant's arguments lack merit.  There is simply no basis for requiring Plaintiff to respond to nearly three-hundred (300) pages of exhibits which are largely irrelevant to the underlying issues in this case.  And, Plaintiff has not avoided the substantive issues raised by Movant in the motions.  Plaintiff's responses squarely address and refute the relevant issues raised.  Although the Motion to Strike may be "procedural and technical," this is not a reason to deny the Motion.  To the contrary, it is the exact reason why the Motion should be granted.  Both the Federal Rules of Civil Procedure and the Federal Rules of Evidence are intended to narrow the focus of the litigation to avoid wasting the parties' and Court's time and resources.  *See e.g. Nat'l Credit Union Admin. v. First Union Capital Markets Corp.*, 189 F.R.D. 158, 163 (D. Md. 1999) (acknowledging that motions to strike "serve a useful purpose by eliminating insufficient defenses and saving the time and expense which would otherwise be spent in litigating issues which would not affect the outcome of the case.")

### C. That Movant Filed the Motions Prematurely is Not a Reason to Deny the Motion to Strike

Movant repeatedly argues that the Declaration and exhibits in support thereof should stand because: (a) "Movant cannot obtain discovery, and . . . Movant really had no choice but to summarize the available facts as best he could, and ask the Court to allow and oversee further inquiry."; (b) "Malibu has made it quite clear that it will not willingly submit itself to

4

examination on the factual issues here at issue[,]"; (c) "the factual showing being made in support of the Motion was made without benefit of discovery[,]": (d) "the moving party has had no opportunity to conduct discovery."  Opposition, at pp. 4, 5, 6, 12.  In sum, Movant asserts that he or she was required to file the motion to intervene and motion to bar testimony and evidence without being able to conduct discovery and that Plaintiff likely will not respond to discovery.

None of the above assertions are a reason to deny Plaintiff's Motion to Strike. Significantly, Movant's motions were prematurely filed.  Movant filed the motions to intervene and bar evidence before even attempting to take discovery on the relevant issues.  Movant could have filed the motions with the "benefit of discovery" had he or she waited until the litigation proceeded to the discovery phase.  More likely, however, had Movant waited until after the discovery period concluded he or she would have learned that the motions to intervene and bar evidence were baseless and therefore unnecessary in light of Plaintiff's discovery responses.  At this juncture, Movant has not even been named or added as a party to the operative complaint. There is no reason why Movant was required to file the motions prior to discovery.

Further, Movant's belief that Plaintiff would have avoided the issues is also baseless.  As is its duty, Plaintiff always fully complies with its obligations to respond to appropriate discovery requests by opposing parties.  Indeed, a large part of the reason why Movant filed the motion to bar evidence is based on Plaintiff's truthful answers to a defendant's interrogatories in a different case.  Movant's speculation that the motions had to be filed prematurely because he or she believed that Plaintiff would not comply with discovery fails and is not a reason to deny the instant Motion to Strike.

### D. Movant Should Not be Afforded Special Treatment in Abrogation of the Federal Rules of Civil Procedure and Federal Rules of Evidence

Seemingly recognizing that the Declaration and exhibits contain a plethora of information about which no party to this lawsuit could properly testify and which are inadmissible under the Federal Rules of Evidence, Movant asserts that "Movant really had no choice but to summarize the available facts as best he could, and ask the Court to allow and oversee further inquiry." Opposition, p. 4.   Movant further claims that "evidentiary standards are relaxed all the time in pre-trial civil motions," and that "the Court should extend Movant some leeway as to issues like personal knowledge, authenticity, and hearsay, given that the factual showing being made in support of the Motion was made without benefit of discovery." *Id.*, at pp. 5-6.   Movant also argues that the motion should be denied and the improper evidence allowed because "[w]ithout any discovery . . . it is essentially impossible to overcome those evidentiary hurdles." *Id.*, at p. 6.

There is no basis for affording Movant special treatment in this litigation.   As stated above, Movant unnecessarily and improperly filed motions without waiting to first try to obtain factual support for the premises on which they are based in discovery.   That Movant acted prematurely based upon filings in other unrelated cases is his or her own fault.   Movant is not entitled to circumvent federal rules of practice and procedure and cites to no authority that would allow him or her to do so.

### E. The Pietz Declaration Contains Improper Speculation and Attests to Information About Which He Has No Knowledge

As stated in Plaintiff's motion and mandated by the Federal Rules of Evidence, "lay opinion testimony *must* be based on personal knowledge.' In order to adequately build a foundation for lay testimony, it must be 'based on the perception of the witness." *United States v. Johnson*, 617 F.3d 286, 292-93 (4th Cir. 2010) (citations omitted).   Movant's Opposition

admits that the Pietz Declaration was made without personal knowledge.  "Movant readily admits that Pietz has almost no personal knowledge of the German court case . . . ."  Opposition, p. 6.  In light of the foregoing, the improper Pietz Declaration should be stricken or disregarded. This is especially true where, as here, Movant is using the improper declaration in an attempt to have Plaintiff's cases dismissed.  *See McLaughlin supra*, at p. 2 (striking portions of affidavit filed in support of motion to dismiss based upon information asserted without personal knowledge.)

Additionally, "[a] Rule 701 witness cannot simply assert conclusions; his testimony must rest upon an antecedent predicate and foundation." *KW Plastics v. U.S. Can Co.*, 131 F. Supp. 2d 1265, 1274 (M.D. Ala. 2001).  "Speculative testimony is generally not admissible because it is not based on the witness's perception." *Brim v. Midland Credit Mgmt., Inc.*, 795 F. Supp. 2d 1255, 1268 (N.D. Ala. 2011) citing *Washington v. Dep't of Transp.*, 8 F.3d 296, 300 (5th Cir. 1993).  Although section (d) of Movant's Opposition is entitled "The Pietz Decl. Does Not Contain Speculation . . ." the first paragraph of the section engages in rampant speculation, which Movant essentially acknowledges.  "Based on the tenor of the email . . . it certainly does appear that Achache is the one soliciting the business opportunity . . . Is that an inference, as opposed to a fact? Absolutely."  Opposition, p. 7.  Movant's "inference" based on his interpretation of the tone of the e-mail is speculation and not fact and as such, should be disregarded.  Indeed, this is just one example of how defense counsel improperly takes bits and pieces of information of which he has no personal knowledge and attempts to string it together based upon speculation asserted as fact.  *See* Plaintiff's Motion to Strike, p. 5.

### F.  The Pietz Declaration is Improper

"The practice of an attorney testifying on behalf of his client, is . . . universally frowned upon."  *Alexander v. Watson*, 128 F.2d 627, 631 (4th Cir. 1942) (*citing Christensen v. United States*, 90 F.2d 152, 154 (7th Cir. 1937)).  Movant asserts that "defense counsel Pietz does not plan to testify to much, if any of the information noted above" and that the improper declaration "is of the sort see[n] all the time in motions for summary judgment, motions for preliminary injunction, etc., summarizing and attached key exhibits."  Opposition, p. 11.  Movant's assertions are erroneous.  First, that defense counsel does not plan to testify to the information in the declaration is irrelevant because defense counsel *cannot* testify to any of the information.  Defense counsel has no personal knowledge of the information contained in the Declaration – a fact which he admits.  Without the declaration, there is no party to the lawsuit through which the information it contains could possibly be admitted.  As stated in Plaintiff's Motion to Strike, Movant's counsel is the *only* witness and his dual role violates MRPC 3.7.  And, Movant has no authority for the assertion that a declaration from a putative defendant's attorney "is of the sort see[n] all time time . . ."   Thus, because no party can testify to the information, and Pietz "readily admits" that he has no personal knowledge of the majority of the information it purports to convey, the improper Declaration and exhibits should be disregarded in their entirety.

### G.  Movant's Arguments Under the Federal Rules of Evidence Fail

Hearsay is inadmissible in support of a motion for sanctions.  *See e.g. Exe v. Fleetwood RV, Inc.*, 2013 WL 2145595 (N.D. Ind. 2013) (hearsay affidavit in support of motion for sanctions for spoliation of evidence was excluded in its entirety); *Cannon v. Cherry Hill Toyota, Inc.*, 190 F.R.D. 147, 158 (D.N.J. 1999) (court denied motion for sanctions under Fed. R. Civ. P. 37 supported by inadmissible and unreliable double hearsay).  Notwithstanding the foregoing,

Movant attempts to force each of his or her hearsay exhibits into one of the exceptions to hearsay under the Federal Rules of Evidence.  In doing so, Movant fails entirely to cite any authority in support of his or her efforts and also ignores the cases cited in Plaintiff's Motion demonstrating that the exhibits are inadmissible.  As demonstrated below, Movant's efforts to save the inadmissible exhibits all fail:

(1)      "The Verified Interrogatory Responses Malibu Filed in Other Cases" – Movant claims that "verified responses are excluded from the definition of hearsay, as party admissions, per Fed. R. Evid. 801(d)(2)."  Opposition, p. 8.  However, "previous depositions and interrogatory responses . . . are not admissible in the instant litigation."  *Stanley Martin Companies, Inc. v. Universal Forest Products Shoffner LLC*, 396 F. Supp. 2d 606, 614 (D. Md. 2005) (granting motion to strike evidence arising from other litigation.)  Because the purported "admission" was made in a different case and is being offered for the truth of the matter asserted in this case, it is properly excluded.

(2)      "Email From Patrick Achache to BaumgartenBrandt" and "The Emails from Malibu's Counsel" – An e-mail between two parties offered to prove the truth of the matter asserted therein is clearly hearsay.  Movant's only argument as to the Achache e-mail is that it was "filed as part of the German court proceedings, and constitutes part of the record there." Opposition, p. 8.  Movant's assertion is irrelevant and does not affect the admissibility of the e-mail.  E-mails between counsel for the parties in a different, now terminated, case are similarly inadmissible.  *See It's My Party, Inc. v. Live Nation, Inc.*, 2012 WL 3655470, at *6 (D. Md. 2012) (e-mail "offered for its truth . . . is inadmissible hearsay.")

(3)      "The German Court Documents" – Movant asserts that "[t]he Court can take judicial notice of the German court's findings" and "judicial notice of the adjudicative facts of

the proceedings embodied in the German Court's final order . . . ."  Opposition, pp. 6, 9.  Movant

is wrong.  "[C]ourts routinely take judicial notice of documents filed in other courts, ... not for

the truth of the matters asserted ..., but rather to establish the fact of such litigation and related

filings."  *Sher v. Luxury Mortgage Corp.*, 2012 WL 5869303, at *7 (D. Md. 2012) (citing

*Kramer v. Time Warner Inc.,* 937 F.2d 767, 774 (2d Cir.1991)).  Thus, while the Court may

judicially notice that Guardaley was involved in proceedings in Germany, it may not take

judicial notice of facts and information filed during those proceedings for the purpose of

accepting those facts as true and established in the instant lawsuit.  Movant's claim that the

documents are also admissible under Fed. R. Evid. 803(8) also fails because a PowerPoint

presentation is not "[a] record or statement of a public office" which "sets out: (i) the office's

activities; (ii) a matter observed while under a legal duty to report . . . ; or (iii) . . . factual

findings from a legally authorized investigation . . . ."  Fed. R. Evid. 803(8).

(4)     "Declarations Made By Guardaley / IPP Representatives in Other Cases" –

Movant disingenuously claims that declarations filed by Guardaley and IPP employees are

admissible as non-hearsay party admissions under Fed. R. Evid. 801(d)(2) because Movant "is

arguing that Guardaley is in fact the true party in interest behind these lawsuits[.]"  Opposition,

p. 9.  Movant's argument is facially invalid since neither Guardaley nor IPP is a party to this

lawsuit and attempting to argue that Guardaley is the "true party in interest" does not make it so.

Statements made by third parties in other unrelated cases cannot be construed as a party

admission in this case.

(5)     "A news article from *Wired*" – Here Movant disingenuously claims that an article

from the website www.wired.com is admissible under the "Statements in Learned Treatises,

Periodicals, or Pamphlets" exception of Fed. R. Evid. 803(18) if "the article is addressed by an

expert who establishes *Wired's* reliability for the kind of reporting at issue.  Movant has no expert and "[t]his circuit has consistently held that newspaper articles are inadmissible hearsay to the extent that they are introduced 'to prove the factual matters asserted therein.'"  *Gantt v. Whitaker*, 57 F. App'x 141, 150 (4th Cir. 2003) (*citing United States v. ReBrook,* 58 F.3d 961, 967 (4th Cir.1995)).  And, "[w]hen evidence from the internet is presented without adornment—without any attempt at authentication or any explanation as to how the hearsay rules are satisfied—it 'is adequate for almost nothing.'"  *Williamson v. Prince George's Cnty., Md.*, 2011 WL 280961, at *8 (D. Md. 2011) (citation omitted).  The same is true for Movant's "corporate information reports from Hoovers."  Opposition, p. 10.

(6)      Exhibits T, U, and V – Movant admits that these three exhibits are hearsay and, as such, they should be disregarded.

Absent the inadmissible exhibits, and in light of defense counsel's admission that he has no personal knowledge as to the majority of the information his Declaration purports to convey, no basis for Movant's counsel's declaration survives.  As such, the Declaration and exhibits attached thereto should be stricken or disregarded entirely.

## III.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court grant the subject Motion to Strike or Disregard the Declaration of Morgan E. Pietz Re: IPP, Guardaley, and the "Oral Contingency Agreement" Malibu Media, LLC Had With Its Key Witness.

Dated:  June 4, 2014

                                        Respectfully submitted,

                                        MALIBU MEDIA, LLC.
                                        PLAINTIFF

                                        By:  /s/*Jon A. Hoppe*
                                        Jon A. Hoppe, Esquire #6479
                                        Counsel
                                        Maddox, Hoppe, Hoofnagle &
                                                Hafey, L.L.C.
                                        1401 Mercantile Lane #105
                                        Largo, Maryland 20774
                                        (301) 341-2580


## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

                                        By:  /s/*Jon A. Hoppe*